IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-cv-00652-M

| | |
|---|---|
| CYNTHIA FAYE COON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REX HOSPITAL, INC.; ROSE ) <br> ACKERMAN; STEPHEN RINALDI; ERIN ) <br> MORGAN-GUNTER; HANNA KIMAK; ) <br> CANDACE GLASS; EMILIE A. HENDEE; ) <br> and PETER M. VARNEY, ) <br> ) <br> Defendants. ) | **ORDER** |

This matter comes before the court on Plaintiff's *pro se* motion seeking an order entering a default against all Defendants, filed January 20, 2021. [DE-18]

Federal Rule of Civil Procedure (hereinafter, "Rule") 55 sets forth, in relevant part, that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 12 sets forth, in relevant part, that a defendant must serve a responsive pleading or a defensive motion "within 21 days after being served with the summons and complaint[.]" Fed. R. Civ. P. 12(a)(1)(A)(i).

Within her motion, Plaintiff states that Defendants were served with process no earlier than December 10, 2020 [DE-18 at 6], meaning that the earliest any Defendant would be required to serve a responsive pleading would be December 31, 2020, Fed. R. Civ. P. 12(a)(1)(A)(i). But the docket shows that: (1) Defendants all appeared through counsel and moved for an extension of time to respond to the

1

complaint on December 30, 2020 [DE-5–6; DE-15]; (2) the Clerk of Court granted Defendants' motion for an extension, extending Defendants' time to respond until January 29, 2021 [DE-16]; (3) Defendants filed a second motion for an extension of time on January 20, 2021 [DE-17]; (4) the Clerk of Court granted Defendants' second motion for an extension, extending Defendants' time to respond until February 26, 2021 [DE-19]; and (5) Defendants moved to dismiss the complaint under Rule 12 on February 26, 2021 [DE-22].

Rule 6 sets forth that "the court may, for good cause, extend the time" to respond to a complaint "if a request is made[] before the original time or its extension expires[,]" Fed. R. Civ. P. 6(b)(1)(A), meaning that the Clerk of Court's granting of Defendants' timely motions to extend their time to respond extended the relevant deadline until February 26, 2021. And Rule 12 makes clear that where a defendant files a motion thereunder, the defendant's time to respond is thereafter tolled until the court rules on the motion, postpones its ruling on the motion, or grants a motion for a more definite statement, Fed. R. Civ. P. 12(a)(4), meaning that Defendants' time to file a responsive pleading was thereafter tolled by their timely filing of a Rule 12 motion to dismiss. Because the court has yet to rule on Defendants' motion to dismiss, the deadline is still tolled, and Defendants' time to file a responsive pleading has not yet expired.

For the foregoing reasons, the court concludes that: (1) Defendants have appropriately followed the procedures set forth by the Federal Rules of Civil Procedure for responding to Plaintiff's complaint; (2) Defendants have not "failed to plead or otherwise defend" within the meaning of Rule 55(a); and (3) entry of default is not appropriate at this time. Plaintiff's motion is accordingly DENIED.

SO ORDERED this the 12th day of July, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE